**Electronically Filed
Intermediate Court of Appeals
30195
14-MAR-2012
09:22 AM**

NO. 30195

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, by its Office of Consumer Protection and
STANLEY SUYAT, Plaintiffs-Appellees,
v.
METRO CLUB INC., a foreign corporation; and DAVID A. KERSH,
individually and as an officer of METRO CLUB, INC.,
Defendants/Third Party Plaintiffs-Appellants
v.
INTERNATIONAL KITCHENS, et al., Third Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 63668)


SUMMARY DISPOSITION ORDER
(By:  Foley, Fujise and Leonard, JJ.)

Defendant/Third-Party Plaintiff-Appellant[1] David Kersh
(Kersh) appeals pro se from the Order of Final Judgment entered
on November 12, 2009 in the Circuit Court of the First Circuit
(circuit court).[2]  The Order of Final Judgment was entered
pursuant to the Order of Dismissal filed in circuit court on

_____

[1]  Kersh appeals individually but also attempts to appeal as "assignee"
on behalf of Defendant/Third-Party Plaintiff-Appellant Metro Club Inc.
(Metro), the corporation for which Kersh had been president.  Because Kersh is
not licensed to practice law in Hawai'i and "a corporation cannot appear and
represent itself either in proper person or by its officers," Oahu Plumbing
and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570,
572 (1979), Metro Club Inc. is precluded from participating in this appeal
without an attorney. Id. at 380, 590 P.2d at 576.

[2]  The Honorable Victoria S. Marks presided.

March 25, 1997.   The Order of Dismissal dismissed the case with prejudice, noting there had been no court activity since April 26, 1985.   The effect of the dismissal was to preclude the State of Hawai'i Office of Consumer Protection (the State) from pursuing any claims from the December 3, 1980 complaint filed against Metro Club or Kersh.

It is unusual for a defendant to appeal the dismissal of a case against him and curiously, in his prayer for relief, Kersh asks this court to "order the lower court to dismiss the lawsuit against him."   Incongruent as Kersh's action is, it appears he wants his day in court to raise issues set forth in his "Questions Presented:"[3]

(1)   Did the lower court acquire personal jurisdiction over Kersh and/or Metro?

(2)   Did the State break the corporate veil by suing Kersh individually for alleged acts committed by [Metro]?

(3)   Was there any legal basis for filing this lawsuit or was it a sham lawsuit to be used as a lever to illegally put Kersh and Metro Passbook Inc[.] out of business in Hawaii?

(4)   Should Judge Crandall have disqualified herself from acting in this case?

On appeal, Kersh fails to point to the record where the alleged errors occurred and were objected to, in violation of Rules of Appellate Procedure (HRAP) Rule 28(b)(4).   He also fails to provide any record references, in violation of HRAP Rule 28(b)(3).   This court could refuse to consider Kersh's appeal as a sanction for his noncompliance.   HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]").   However, because we adhere to a policy of hearing a case on its merits when possible, we review this case

---

[3]   Although the section "Questions Presented" has no place in an appellate brief, we treat this section as Kersh's effort to provide "[a] concise statement of the points of error."   HRAP Rule 28(b)(4).

for any meritorious claims.   <u>Bettencourt v. Bettencourt</u>, 80
Hawai'i 225, 230, 909 P.2d 553, 558 (1995).

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant statutory and case law, we conclude Kersh's
appeal is without merit.

This action was first filed on December 3, 1980.  On
March 30, 1984, the circuit court[4] filed an Order of Dismissal
because there had been no court activity since January 18, 1982,
over two years earlier.  On April 12, 1984, the State objected
and the Order of Dismissal was withdrawn.  On September 28, 1984,
the State filed its pre-trial statement.  Trial was set for the
week of April 15, 1985.  On November 21, 1984, the State filed a
motion to continue the trial date to May 6, 1985.
On April 26, 1985, the State filed an amended pre-trial
statement.  There was no further activity in the case for nearly
twelve years.  On March 25, 1997, the circuit court[5] again
dismissed the case for lack of prosecution, this time with
prejudice, because the last court activity took place on
April 26, 1985.

On May 2, 1997, Kersh filed a "Motion to Set Aside
Dismissal of Lawsuit; to Order Clerk's Office to Provide Summons
and to Permit the Filing of an Amended Counter Claim and Third
Party Claims."  On April 11, 2001, almost four years later, Kersh
filed his "Amended Motion to Set Aside the Dismissal of this
Case, to Permit an Amended Counter and Third Party Complaint and
to Permit the Issuance of Summons."  On June 19, 2001, the
circuit court filed its "Order Denying Defendant Kersh's Amended
Motion to Set Aside Order of Dismissal to Permit an Amended
Counter and Third Party Complaint and to Permit the Issuance of

---

[4]   The Honorable Yasutaka Fukushima signed the Order of Dismissal.

[5]   By Order of the Honorable Virginia L. Crandall.

3

Summons" (Order Denying Amended Motion). On July 6, 2001, Kersh appealed the Order Denying Amended Motion. The ICA affirmed the circuit court's order in a memorandum opinion. State v. Metro Club, Inc. et al, No. 24392 (App. April 2, 2003) (mem.).

On October 21, 2009, more than six years after the ICA's affirmation of the circuit court's Order Denying Amended Motion, Kersh filed a nonhearing motion in the circuit court for the entry of a final judgment on the order. On November 12, 2009, the circuit court entered its Order of Final Judgment, stating simply "The Court having dismissed this lawsuit on March 25, 1997 now enters its separate order of final judgment in this case." It is from this Order of Final Judgment that Kersh appeals.

We review the circuit court's dismissal for abuse of discretion. Compass Dev., Inc. v. Blevins, 10 Haw. App. 388, 397-98, 876 P.2d 1135, 1340 (1994). "To constitute an abuse, the appellant must show that the trial court clearly exceeded the bounds of reason . . . to the substantial detriment of a party litigant." Hawaii Auto. Retail Gasoline Dealers Ass'n, Inc. v. Brodie, 2 Haw. App. 99, 101, 626 P.2d 1173, 1175 (1981).

The court's power to dismiss a case for lack of prosecution "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion[.]" Link v. Wabash R.R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388 (1962). However, "[d]ismissals with prejudice are not favored and appellate courts will uphold such a sanction by the trial court only when there is a clear record of delay . . . and where lesser sanctions would not serve the best interests of justice." Richardson v. Lane, 6 Haw. App. 614, 619, 736 P.2d 63, 67 (1987) (internal quotation marks and citations omitted).

In this case, there is a clear record of delay. The State filed its complaint on December 3, 1980, over thirty years ago. Over three years later, on March 30, 1984, the circuit court dismissed the case for lack of prosecution. The State, as

plaintiff, objected and the circuit court reinstated the case. On March 25, 1997, after nearly twelve more years, the circuit court again dismissed the case for lack of prosecution. At the time of the second dismissal, there had been a delay of over sixteen years since the complaint was first filed. The circuit court did not abuse its discretion when it dismissed the case for lack of prosecution.

Therefore,

IT IS HEREBY ORDERED that the Order of Final Judgment entered on November 12, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 14, 2012.

On the briefs:

David A. Kersh
Defendant-Appellant pro se.

Lisa Tong
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge

Associate Judge

5